IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
EASTERN DIVISION

| | |
|---|---|
| CANDY BAILEY, Individually and as Administrator of the Estate of Steven Wayne Bailey, Deceased,<br><br>Plaintiff,<br><br>vs.<br><br>KOMATSU FORKLIFT U.S.A., INC.,<br><br>Defendant. | No. C07-2002<br><br>ORDER REGARDING INSPECTION |

On the 21st day of November 2007, this matter came on for hearing on the Motion for Protective Order Re Inspection of Fork Truck (docket number 16) filed by the Plaintiff on October 23, 2007. The Plaintiff was represented by her attorney, James H. Cook. The Defendant was represented by its attorney, Robert L. Fanter.

On February 21, 2005, Plaintiff's decedent, Steven Bailey, was killed while operating a fork truck manufactured by Defendant Komatsu Forklift U.S.A., Inc. The fork truck, which remains in storage, has been previously examined by the parties' experts, both separately and together. In her instant Motion, however, Plaintiff requests that two "mast cap bolts" be removed from the fork truck for additional "high magnification" examination by her expert in Michigan. In its Resistance, Defendant states that it "is not seeking to prevent Plaintiff from performing the inspection, but is reasonably requesting that Plaintiff agree to the fairest protocol to protect the integrity of critical evidence and perform the disassembly process in a manner that will provide the most

1

accurate and valid basis for subsequent examination and resulting opinions by both parties' experts."[1]

In the Brief filed in support of her Motion, Plaintiff suggests a seven-point protocol for the removal, preservation, and examination of the two remaining mast cap bolts. In general, Plaintiff suggests that the bolts be removed by a service technician designated by the company which regularly serviced the fork truck, or by Mr. James Meehan, P.E., a mechanical engineer from Cedar Falls, Iowa. Following removal of the bolts, Plaintiff's suggested protocol would require the bolts to be placed in separate plastic Ziploc bags, marked appropriately, wrapped in a polymer shipping wrap, and sent by Federal Express to Plaintiff's experts for evaluation.[2] In her proposed protocol, Plaintiff suggests that the entire process be recorded by video camera.

Defendant argues, on the other hand, that the disassembly should be performed by Plaintiff's expert, Dr. Paul Trojan. Defendant intends to have its expert, Kent Johnson, attend personally at the time the bolts are removed. Defendant suggests that Plaintiff's expert should also be required to personally attend and that an examination of the bolts be conducted jointly at the scene. Defendant argues that the bolts should then be preserved with the fork truck.

The Court concludes that the removal of the mast cap bolts need not be performed by the expert who will subsequently examine the bolts. Nonetheless, it is appropriate to have the bolts removed by a person who is knowledgeable in forensic investigations.[3]

---

[1] Defendant's Resistance to Plaintiff's Motion (docket number 17-1) at 3-4.

[2] At the time of hearing, Mr. Cook indicated that the examination would be conducted by Dr. Paul Trojan in Ann Arbor, Michigan. In her Brief and Proposed Protective Order, however, Plaintiff suggests that the bolts would be sent "to Mr. Kevin Smith, P.E., and subsequently to other experts as may be designated by counsel for plaintiff or defendant." Plaintiff's Brief in Support of Motion (docket number 16-2) at 5.

[3] While the issue was not addressed at the time of hearing, the Court assumes for
(continued...)

2

Accordingly, the Court concludes that the removal of the bolts should not be performed by a service technician, but should be removed by James Meehan or some other qualified person.

Defendant shall be entitled to have its expert present during all stages of the disassembly process. Defendant's expert shall be given a reasonable opportunity to object to any process being used to remove the bolts, and suggest alternative procedures. After the bolts have been removed, Defendant's expert shall be given an opportunity to examine the parts under high magnification. Plaintiff shall then cause the bolts to be appropriately wrapped to prevent any alteration in transit, and may then send the parts to its expert in Michigan for examination. The Plaintiff shall cause the entire process, including disassembly, examination by Defendant's expert, and wrapping for shipment, to be recorded by video camera.

## ORDER

IT IS THEREFORE ORDERED that the parties may remove and inspect the remaining mast cap bolts, as follows:

1. The removal of the mast cap bolts shall take place on a date and at a time to be mutually agreed upon by the parties.

2. The bolts shall be removed by James Meehan, P.E., or another person qualified in forensic investigations, as designated by Plaintiff.

3. Defendant's expert shall be entitled to be present during all stages of the disassembly process, to fully observe the removal of the bolts, and to suggest alternative procedures.

---

[3](...continued)
these purposes that James Meehan, P.E., a mechanical engineer identified by Plaintiff, is generally knowledgeable in the forensic examination of potentially defective parts.

Case 6:07-cv-02002-JSS   Document 22   Filed 11/23/07   Page 3 of 4

4. After the bolts have been removed, Defendant's expert shall be given an opportunity to examine the bolts under high magnification. Care shall be taken, however, not to alter the bolts in any way.

5. Following examination by Defendant's expert, Plaintiff shall place each of the bolts in a separate plastic Ziploc bag and mark each bag accordingly.

6. Plaintiff shall then place the bagged bolts in boxes, with appropriate packing, for shipment to Plaintiff's expert for examination. Plaintiff's expert may conduct a high magnification examination, but care shall be taken not to alter the bolts in any way.

7. The entire process, including removal of the bolts, examination by Defendant's expert, and packaging the bolts for shipping, shall be preserved by video camera.

DATED this 23rd day of November, 2007.

_____
JON STUART SCOLES
United States Magistrate Judge
NORTHERN DISTRICT OF IOWA