IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
EASTERN DIVISION

| | |
|---|---|
| CANDY BAILEY, Individually and as Administrator of the Estate of Steven Wayne Bailey, Deceased,<br><br>Plaintiff,<br><br>vs.<br><br>KOMATSU FORKLIFT U.S.A., INC.,<br><br>Defendant. | No. C07-2002<br><br>RULING ON MOTION TO COMPEL DISCOVERY |

This matter comes before the Court on the Motion to Compel Discovery Responses (docket number 43) filed by Defendant Komatsu Forklift U.S.A., Inc., on June 2, 2008; and the Resistance (docket number 48) filed by Plaintiff Candy Bailey on June 18, 2008. Pursuant to Local Rule 7.c, the Motion will be decided without oral argument.

## I. ISSUE PRESENTED

The issue raised by the instant Motion to Compel Discovery is straightforward: When the court establishes a "deadline for completion of discovery," does the order merely require that all discovery *requests be filed* by the deadline, or does it require that discovery requests be filed sufficiently in advance of the deadline that the *responses are due* by the deadline?

## II. RELEVANT FACTS

Plaintiff Candy Bailey initiated this action by the filing of a Complaint (docket number 2) on January 11, 2007. On May 22, 2007, the Court adopted a Scheduling Order and Discovery Plan (docket number 11) submitted by the parties. Among other things, the Order established a January 21, 2008, "[d]eadline for **completion** of discovery" (emphasis

1

in original). Upon motion by Defendant, the deadline for completion of discovery was extended to May 1, 2008. *See* Order Extending Deadlines (docket number 31). Defendant's subsequent application (docket number 36) to extend the deadlines further was denied. *See* Ruling on Application for Extension of Time (docket number 37).

On April 11, 2008 (the same day that Defendant filed its second application for extension of the discovery deadline), Defendant's counsel contacted Plaintiff's counsel to determine whether Plaintiff would object to the submission of one additional interrogatory by Defendant.[1] Plaintiff's counsel indicated that "he had no objection to the Defendant propounding the additional interrogatory." *See* Declaration of Richard J. Kirschman (docket number 43-2 at 1-2). On April 16, 2008, Defendant served Supplemental Interrogatory Number 26. In addition, while it had not been previously discussed between the parties, Defendant served 12 Requests for Admission.

On May 16, 2008, Plaintiff responded to the Supplemental Interrogatory and Requests for Admission, objecting "on the grounds that the due date for response to the same is beyond the deadline for completion of discovery ordered by the court in this matter." *See* Motion to Compel Discovery, Exhibit 2 (docket number 43-2 at 4-6) and Exhibit 3 (docket number 43-2 at 7-11). After the parties were unable to resolve the issue between themselves, Defendant filed the instant Motion to Compel Discovery Responses.

Apparently, however, the Supplemental Interrogatory no longer requires court attention. In her Resistance to the motion to compel, Plaintiff states that "[u]pon further reflection, plaintiff has reconsidered its [sic] position as to this particular item of discovery, and has provided a supplemental and substantive response to defendant's supplemental interrogatory." *See* Resistance to Defendant's Motion to Compel Discovery (docket number 48) at 1. Plaintiff continues to argue, however, that Defendant's Requests for Admission were not served timely.

---

[1] Defendant had previously served 25 interrogatories --- the limit permitted by the Rules without leave of court. FED. R. CIV. P. 33(a)(1).

2

## III. DISCUSSION

The initial scheduling order established a January 21, 2008, deadline for "completion of discovery." Similarly, the order extending the deadline referred to "completion of discovery." Plaintiff argues that the orders mean precisely what they say. That is, Plaintiff argues that discovery must be "completed" -- *i.e.*, the responses provided -- by the deadline set forth in the order. This interpretation necessarily requires the party seeking discovery to file its request sufficiently in advance of the deadline to require the other party to file a response by the deadline for "completion" of discovery. Defendant argues, on the other hand, that the order only requires that the parties "complete" the submission of their discovery requests by the deadline.[2]

In some jurisdictions, the local rules resolve the issue disputed here. For example, Local Rule 16.2 in the Northern District of New York provides as follows:

> Counsel are advised to initiate discovery requests and notice depositions sufficiently in advance of the discovery cut-off date to comply with this Rule. Discovery requests that call for responses or scheduled depositions after the discovery cut-off will not be enforceable except by order of the court for good cause shown.

*Pyke v. Cuomo*, 2004 WL 1083244 (N.D.N.Y. 2004) at *3. *See also United States v. Brown*, 2006 WL 2225474 (S.D. Miss. 2006) (the local rule "requires that discovery be served sufficiently in advance of the discovery deadline so as to permit responses prior to the discovery deadline."). Similarly, some courts avoid the issue by explicitly stating in the scheduling order that counsel must initiate the discovery requests sufficiently in

---

[2] Defendant apparently concedes that the deadline for completion of discovery applies to requests for admission. *See Brodeur v. McNamee*, 2005 WL 1774033 (N.D.N.Y. 2005) ("The desirable ends of promoting orderly and efficient litigation of matters pending in this court are best served by treating requests for admissions, though not discovery devices in the traditional sense, as being subject to the court's requirement that discovery in an action be completed on or before an assigned deadline."); and *Jarvis v. Wal-Mart Stores, Inc.*, 161 F.R.D. 337, 339 (N.D. Miss. 1995).

3

advance of the discovery completion deadline, so as to require responses by the deadline. *See, e.g.*, *Karagiannopoulos v. City of Lowell*, 2008 WL 948261 (W.D.N.C. 2008) at *1. The local rules in the Northern District of Iowa do not address the issue, however, and the scheduling order and discovery plan did not include that degree of specificity.

In support of its position, Defendant cites *Leach v. Quality Health Services, Inc.*, 162 F.R.D. 40 (E.D. Pa. 1995). A review of the ruling in *Leach* reflects, however, that Defendant's reliance is misplaced. There, defendants served plaintiffs with requests for admission prior to the discovery deadline, but timely responses were not required until two and one-half weeks after the discovery deadline. Plaintiffs objected on the basis that the requests were not served timely. *Id.* at 41. Without citing any authority, the Court apparently agreed that the request was not timely served. Rather than deny the untimely discovery, however, the Court amended the scheduling order "so that all discovery requests made on or before the May 1, 1995 deadline shall be deemed timely requests." *Id.* at 42. Other courts have also concluded that discovery requests must be served sufficiently in advance of the deadline to require a response by the deadline. *See, e.g.*, *Woodhull v. County of Kent*, 2006 WL 708662 (W.D. Mich. 2006), and *Feir v. Carabetta Enterprises, Inc.*, 459 F. Supp. 841, 844 (D. Conn. 1978) (holding that discovery requests served two days prior to the deadline were not timely).

The Court concludes that when a scheduling order establishes a deadline for "completion of discovery," it requires more than simply filing discovery requests prior to the deadline. Rather, it requires that parties seeking discovery file their requests sufficiently in advance of the deadline, such that the responses are due by the deadline for completion of discovery. This view is consistent with Local Rule 37.c, which requires motions to compel to be filed within 14 days after the discovery deadline, except for good cause shown. If a party is permitted to file a discovery request on the deadline for completion of discovery, then the response would not be due until 30 days later -- well after the deadline for filing a motion to compel. Furthermore, the dispositive motions

deadline is generally set one month after the deadline for completion of discovery.[3] If a party were permitted to submit discovery requests on the deadline for completion of discovery, then the responses would not be due until the deadline for filing dispositive motions. If a party then objected to the discovery request, the filing of dispositive motions may be delayed, impinging on the time between the filing of dispositive motions and the trial date.[4]

In this case, Defendant served 12 Requests for Admission on April 16, 2008. Plaintiff's responses were not due until May 16, 2008 -- after the deadline for completion of discovery. Accordingly, the Court finds that the Requests for Admission were not timely filed and Defendant's Motion to Compel Discovery Responses should be denied.

### ORDER

IT IS THEREFORE ORDERED that the Motion to Compel Discovery Responses (docket number 43) filed by Defendant on June 2, 2008, is hereby **DENIED**.

DATED this 7th day of July, 2008.

JON STUART SCOLES
United States Magistrate Judge
NORTHERN DISTRICT OF IOWA

---

[3] *See e.g.*, the Scheduling Order and Discovery Plan (docket number 11) filed in this case on May 22, 2007.

[4] The deadline for filing dispositive motions must be at least 120 days before the proposed ready-for-trial date. *See* Local Rule 16.h.

5