# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF IOWA
# EASTERN DIVISION

| | | |
|---|---|---|
| CANDY BAILEY, Individually and as Administrator of the Estate of Steven Wayne Bailey, deceased, | ) ) ) ) | No. C07-2002 EJM |
| Plaintiff, | ) ) | ORDER |
| v. | ) ) | |
| KOMATSU FORKLIFT USA, INC. | ) ) | |
| Defendant. | ) | |

This matter is before the court on defendant's resisted Motion for Summary Judgment, filed June 2, 2008, and on plaintiff's resisted Motion to Certify Question of Law, filed July 7, 2008. Briefing concluded August 5, 2008. Motion for Summary Judgment granted as to Counts 4 and 5, and denied as to all other counts. Motion to Certify Question denied.

Plaintiff Candy Bailey (Bailey), a citizen of Iowa, brings this action for damages against defendant Komatsu Forklift USA (Komatsu), a California corporation with its principal place of business in Covington, Georgia. Bailey asserts that her husband Steven Bailey, while employed at All American Homes in Dyersville, Iowa, was killed while operating a forklift manufactured by defendant when the forklift mast came loose from the mounting bracket on its front axle, crushing him when the load then fell backward on top of him. In her Amended Complaint filed April 1, 2008, Bailey seeks damages for defective design (Count 1), inadequate instructions or warnings

(Count 2), breach of a post-sale duty to warn (Count 3), negligence (Count 4), breach of implied warranty (Count 5), and a manufacturing defect (Count 6). The matter in controversy exceeds $75,000. The court has jurisdiction pursuant to 28 USC §1332.

Defendant seeks summary judgment on all counts.

In Count 1 (Defective Design), plaintiff claims the forklift was distributed by defendant in defective condition, and a reasonable alternative safer design could have then been practically adopted reducing the foreseeable risk of harm, and the omission thereof rendered the forklift not reasonably safe, all proximately causing plaintiff's death. Defendant asserts that plaintiff has failed to come forward with any valid opinions as to the defective design claim, including insufficient torque level for mast cap bolts, or reasonable alternative safer designs.

As to Count 2 (Inadequate Instructions/Warnings), plaintiff claims that the foreseeable and not obvious risk of harm posed by the forklift could have been reduced by reasonable instructions or warnings, the omission of which rendered the forklift not reasonably safe, and proximately caused plaintiff's death. Defendant asserts that plaintiff has not come forward with expert opinions supporting a deficient warning claim.

On Count 3 (Post-Sale Duty to Warn), plaintiff claims defendant breached a post-sale duty to warn decedent of the risk of harm. Defendant asserts that such a

2

duty is premised only upon its knowledge that the product posed a substantial risk of harm, and that plaintiff has come forward with no such showing of problems with the forklift's retention of mast cap bolts, and that based upon the mast cap design and status as state-of-the-art, defendant had no reason to understand that the design posed a substantial risk of harm.

On Count 4 (Negligence), plaintiff claims defendant was negligent in the design, manufacture and assembly of the forklift.

Defendant asserts that subsequent to the Iowa Supreme Court's decision in <u>Wright v. Brooke Group Ltd.</u>, 652 NW2d 159, 168-169 (Iowa 2002), Iowa law permits plaintiff to bring only a single claim under each of the potential product liability theories (design, manufacturing and warning), rather than bringing negligence and strict liability claims under each separate theory of recovery. Based upon <u>Wright</u>, defendant seeks summary judgment on plaintiff's negligence claim.

On Count 5 (Breach of Implied Warranty), plaintiff claims defendant breached an implied warranty of fitness for particular purpose. Defendant asserts this claim is subject to a five year statute of limitations commencing upon the January 5, 1999 delivery of the product, and therefore the claim was barred after January 5, 2004, some three years prior to the filing of this action on January 11, 2007.

On Count 6, plaintiff claims the forklift contained a manufacturing defect when distributed by defendant. Defendant asserts that plaintiff has come forward with no

showing that the forklift was not manufactured in accordance with Komatsu specifications or sold in a condition not intended by defendant, or that the mast cap bolts were not properly torqued when distributed by Komatsu.

As to plaintiff's claim for damages for decedent's pain and suffering from the time of injury until his death, defendant urges that damages for pre-death pain and suffering may only be recovered upon a showing that the decedent was conscious for an appreciable time after the accident, and that in this case, plaintiff has made no showing that the decedent was conscious following the accident, precluding recovery of this type of damage claim.

> Fed. R. Civ. P. 56(c) provides that summary judgment shall be entered if the "pleadings, depositions, answers to interrogatories, and admissions on file together with the affidavits, if any, show that there is not a genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." In deciding whether to grant a motion for summary judgment, the district court must view the evidence in favor of the party opposing the motion and give him the benefit of all reasonable inferences. Kegal v. Runnels, 793 F2d 924, 926 (8th Cir. 1986). However, parties opposing a summary judgment motion may not rest merely upon the allegations in their pleadings. Buford v. Tremayne, 747 F2d 445, 447 (8th Cir. 1984). The opposing parties must resist the motion by setting forth specific facts showing that there is a genuine issue of material fact for trial. Id., (citing Fed. R. Civ. P. 56(e) and Burst v. Adolph Coors Co., 650 F2d 930, 932 (8th Cir. 1981)).

Green v. St. Louis Housing Authority, 911 F2d 65, 68 (8th Cir. 1990).

Upon review, as to Counts 4 and 5 defendant's motion is properly supported and appears unresisted. As to Counts 1, 2, 3, and 6, and plaintiff's damage claims,

4

the court concludes there exist disputed issues of fact as to all claims. The motion shall be granted as to Counts 4 and 5, and otherwise denied.

Turning to plaintiff's Motion to Certify, plaintiff seeks to certify to the Iowa Supreme Court the question of whether apprehension of imminent death, prior to injury, is an appropriate measure of damages for pre-death pain and suffering. Defendant resists, urging that there is no factual support in the record permitting a conclusion that the decedent experienced apprehension of imminent death, or was even aware that he was about to be injured as the accident took place.

Noting that plaintiff has not made a claim for pre-injury apprehension of death in the Complaint, and apart from the question of whether the facts would provide support for the submission of such a claim, upon the matter of certification of the question as to whether damages are recoverable for pre-impact emotional suffering, or mental pain and suffering in anticipation of death, the court is satisfied that such a claim is recognizable under Iowa law. See Estate of Long ex re. Smith v. Broadlawns Medical Center, 656 NW2d 71, 86 (Iowa 2002) (in discussing potential damages, court noted while emotional or mental pain and suffering could be experienced in apprehension of the fact of physical pain and suffering, there was insubstantial evidence to support verdict for damages for that window of time in that case). The Motion for Certification shall be denied.

It is therefore

ORDERED

1. Motion for Summary Judgment granted as to Counts 4 and 5, and denied as to all other claims.

2. Motion for Certification denied.

March 26, 2009.

_____
Edward J. McManus, Judge
UNITED STATES DISTRICT COURT